RECEIVED
USDC CLERK, CHARLESTON, SC

2007 SEP 17 A 10: 06

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Lamont Lee, #285227, ) | C. A. No. 2:07-0222-HMH-RSC |
| Petitioner, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| Warden Colie L. Rushton, ) | |
| Respondents. ) | |

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's summary judgment motion filed on June 6, 2007. 28 U.S.C. § 636(b).

## PROCEDURAL HISTORY

The Petitioner, Kevin Lamont Lee, is currently incarcerated in McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to an order of commitment from the Clerk of Court of Greenville County. Petitioner was indicted in October 1999 for the murder of Timothy A. McKelder. (PCR App. pp. 63-64). Steven Henry, Esquire, and Caroline Horlbeck, Esquire, represented Petitioner on the charge. On June 25, 2002, pursuant to negotiations, which included withdrawal of the notice of intent to seek the death penalty, and a negotiated sentence of thirty (30) years, Petitioner entered a guilty plea. (PCR App. p. 3, lines 8-12). The Honorable John W. Kittredge heard and

1

accepted the plea. The judge accepted the terms of the negotiation and sentenced Petitioner to thirty (30) years imprisonment. (PCR App. p. 18, line 24-p. 19, line 2). Petitioner did not appeal his plea or sentence.

On June 3, 2003, Petitioner filed an application for post-conviction relief ("PCR"), in which he raised the following claims:

> (a) Denial of procedural due process and equal protection;
>
> (b) Actual Denial of Counsel and Ineffective Trial Counsel;
>
> (c) Lack of Subject Matter Jurisdiction.

(PCR App. pp. 28-31)

The State made its return on September 2, 2003, and moved to dismiss the action for failure to timely file under the state statute of limitations. (PCR App. pp. 32-35). Rodney Richey, Esquire, represented Petitioner in the action. A hearing on the state's motion was held December 4, 2003, before the Honorable J. Michael Baxley. The judge denied the state's motion to dismiss finding that Petitioner had filed the application on June 3, 2002, prior to the state limitations period having lapsed, but that the clerk returned the application form with instructions to remove the writing from the back of the form. (PCR App. p. 39, line 22 - p. 41, line 8). The PCR judge then held an evidentiary hearing. At the conclusion of the hearing, the PCR judge denied

2

relief. (PCR App. p. 53, line7 - p. 54, line 16). On February 5, 2004, the PCR judge issued a written order of dismissal. (PCR App. pp. 57-62). Petitioner appealed.

Joseph L. Savitz, III, Acting Chief Attorney of the South Carolina Office of Appellate Defense, represented Petitioner on appeal. Appellant counsel filed a <u>Johnson</u> Petition for Writ of Certiorari in the Supreme Court of South Carolina on October 7, 2004, and raised the following issue:

> Defense counsel did not provide effective assistance when he advised petitioner to plead guilty to murder, where the facts of the case suggested that he was probably guilty of voluntary manslaughter.

(<u>Johnson</u> Cert. Pet., p. 2).

Petitioner subsequently filed a <u>pro se</u> Brief and raised the following additional claims:

> 1. The Petitioner would contend that S.C. Code Ann. § 22-3-540 (Supp. 1985) deprives the Court of General Sessions of jurisdiction to try him.
>
> 2. Whether the Petitioner was denied his Sixth Amendment right to the effective assistance of Trial Counsel by the many acts and omissions of Trial Counsel which violated the Petitioner's due process rights and effectively denied him of his rights at the State and Federal level to appeal his Murder conviction and sentence?

(Brief, p. 2).

The South Carolina Supreme Court denied the petition on October 5, 2005, and issued the remittitur on October 21, 2005. This action was filed untimely on January 31, 2007.

The following materials have been made part of the record here:

1. PCR Appendix containing:
   a. June 25, 2002, Guilty Plea Transcript;
   b. 2003 PCR Application;
   c. Return (to 2003 PCR Application);
   d. December 4, 2003 PCR hearing transcript;
   e. Order of Dismissal (2003 PCR Application);
   f. Indictment;
2. <u>Johnson</u> Petition for Writ of Certiorari;
3. <u>Pro Se</u> Brief of Petitioner;
4. Order (denying petition);
5. October 21, 2005 Remittitur Letter.

## **GROUNDS FOR RELIEF**

In his <u>pro se</u> Petition for Writ of Habeas Corpus, the petitioner makes the following claims of error:

> Ground one: Denial of procedural Due Process and Equal Protection.
>
> Ground two: Petitioner received Ineffective Assistance of Counsel in violation of the 6th and 14th Amendments; U.S. Constitution.
>
> Ground three: Proper adjudication of claims raised in the State Courts did not happen in the instant case; Reversal is required.

(Habeas Petition, pp. 6-9).

The petitioner was provided a copy of the respondent's

summary judgment motion on June 6, 2007, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The petitioner failed to respond to the motion. As the petitioner is proceeding pro se, the court filed a second order on July 20, 2007, giving the him an additional ten (10) days in which to file his response to the petitioner's motion for summary judgment. The petitioner responded to the motion on July 24, 2007. Hence it appears consideration of the motion is appropriate.

## DISCUSSION

Dispositive of this entire habeas corpus petition is the fact that the petition is untimely. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the

> right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on
> collateral review; or
>
> (D) the date on which the factual predicate of the
> claim or claims presented could have been discovered
> through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under § 2244(d)(1). 28 U.S.C. § 2244(2).

Here, the petitioner's conviction became final on July 5, 2002, that is ten (10) days after his sentencing on June 25, 2002. Thereafter Petitioner had one year, until July 5, 2003, to bring a petition for a writ of habeas corpus in federal court. However, the federal statute was tolled during the pendency of Petitioner's PCR which was filed on June 3, 2003. Therefore three hundred thirty three (333) days of nontolled time passed between when his conviction was finalized before he filed his PCR. The time remained tolled until the South Carolina Supreme Court issued the Remittitur on October 21, 2005.

Petitioner then had thirty two (32) days, that is until November 22, 2005, to timely file his habeas petition here. He did not do so. He filed the instant petition on January 31, 2007, over a year too late. As a result, this petition is barred

by the AEDPA's statute of limitations.

## CONCLUSION

Accordingly, for the aforementioned reason, it is recommended that this petition be denied as untimely.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

September 17, 2007

**Notice of Right to File Objections to
Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).